JAMES C. WARDLAW, administrator, plaintiff in error, *vs.* JOSEPH M. WARDLAW, defendant in error.

1. An attachment was, by mistake, levied on the wrong lot of land. Judgment was entered in pursuance with the levy. The plaintiff filed a bill to correct the mistake. This proceeding was dismissed at the trial term on demurrer:

*Held*, That such dismissal was error. A Court of equity having obtained jurisdiction, should have proceeded to have heard the case, and have rendered such decree as the ends of justice might have required.

2. Where lot two hundred and eighty-seven is intended to be levied on by an attachment, but the entry of the sheriff describes lot two hundred and sixty-eight by mistake, there has been, in fact, no levy made on the right lot.

Equity. Mistake. Levy. Execution. Before Judge UN-DERWOOD. Walker Superior Court. August Term, 1873.

For the facts of this case, see the decision.

D. C. SUTTON; WARREN AKIN, for plaintiff in error.

J. E. SHUMATE, by brief, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant to correct a mistake made by the sheriff in reciting the wrong number of a lot of land in his levy of an attachment. The defendant demurred to the complainant's bill, for want of equity, which demurrer was sustained by the Court, and the complainant excepted. The complainant alleges that the sheriff of Walker county entered a levy of the attachment upon a lot of land belonging to Joseph M. Wardlaw, and on which he had formerly resided, and on which he had a tenant, or tenants, and by mistake called the lot so levied on number two hundred and sixty-eight, in the seventh district of the fourth section in said county, believing that was the lot levied on; that the lot of land number two hundred and sixty-eight, in the seventh district of the fourth section, is not the property of said Joseph M. Wardlaw, and that said lot was not,

in truth and in fact, levied on by the sheriff, but that the levy was really made on lot of land number two hundred and eighty-seven, in the seventh district of the fourth section of originally Cherokee, now Walker county, and was entered on the back of the attachment as having been made on lot two hundred and sixty-eight by mistake, the sheriff being misinformed as to the number of the lot levied on; that the wrong number in the levy of the attachment and in the judgment on the same is the result of mistake. It also appears that a judgment was entered on the attachment for the sale of lot number two hundred and sixty-eight, and execution issued thereon. The prayer of the bill is, that the mistake in the levy of the attachment, and in the judgment of the Court, be corrected, and that said judgment, when corrected, stand as if the right number of the lot of land in fact levied on had been inserted in said levy, and no mistake had been made by the insertion of the wrong number, or such other relief as the ends of justice may require.

1. In view of the facts of this case, we think the Court erred in dismissing complainant's bill. The complainant was entitled, in consequence of the alleged mistake, to have had the judgment against lot two hundred and sixty-eight set aside, and although this might have been done at law, still, a Court of equity having concurrent jurisdiction as to the correction of the mistake, and having first acquired it, the Court should not have dismissed the bill at the trial term of the cause, and turn the complainant round to seek his remedy in the common law Court. The Court, having obtained jurisdiction of the case and the parties, should have proceeded not only to have set aside the attachment judgment against lot number two hundred and sixty-eight, but should have proceeded to have heard the complainant's demand, allowing the defendant's defense thereto, if any, and have rendered such judgment or decree between the parties as the ends of justice might have required, in view of the facts of the case.

2. It is quite evident there was no levy of the attachment on lot number two hundred and eighty-seven, therefore, the

complainant is only entitled to have the judgment on the attachment which was levied by mistake on lot two hundred and sixty-eight set aside, and such other relief as he may be entitled to on the hearing of the cause, as above indicated.

Let the judgment of the Court below be reversed.