# Clark *v.* Hart.

*Bill in Equity to Reform a Written Contract and to Enforce the Same.*

1.  *Mistake of law; no ground for relief.*—Against a simple mistake of law no court will grant relief.  *Ignorantia legis, neminem excusat.*

2.  *To what extent court of chancery can reform a contract.*—In clear cases, when a written instrument fails to express some material element of the contract, which the parties mutually intended it should express, or expresses it differently from their intention, a court of chancery will reform the contract so as to carry out the intention of the parties, yet it cannot add terms which the parties did not intend to embody in it, or grant relief against a mistake of law.

3.  *Same; when the averments negative the idea of accidental omission.* Where the bill avers that from ignorance and mistake, and unintentional omission, all the terms and consideration of the contract were not reduced to writing, or stated in the face of said note; but each and all the terms, conditions and considerations of said contract were intended to be, and in fact were understood by each of the parties to the agreement to be a part of said.

[Clark · v. Hart.]

promissory note, and of the contract in which the same was executed, "*and it was never conceived by either of the parties that it was necessary to reduce all of said contract to writing, in order to make the same binding between the parties thereto, or good and provable against said note,*"—this negatives any idea of accidental omission, and presents a case against which chancery will not relieve.

4. *When the bill to reform comes too late; cases cited.*—Whether a bill to reform comes too late, after the note has been merged in a judgment, is not decided, but reference is made to several cases in point.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. N. S. GRAHAM.

A fuller history of the facts upon which the present case is founded may be seen by referring to the cases of *Clark v. Hart*, 49 Ala. 86, and *Hart v. Clark*, 54 Ala. 491. The case in 49 Alabama shows the circumstances under which Emeline Clark, the appellant here, recovered judgment against Henry C. Hart, the present appellee, on the note in controversy. The case in 54 Alabama, between the same parties, was a bill in equity filed by Hart against Mrs. Clark, for the purpose of enjoining the collection of said judgment, and also to reform and enforce the written contract, or promissory note, upon which said judgment was obtained, so that said note may be made to express the terms, considerations and conditions upon which it was given by said Hart, as alleged by him in his bill. Hart was a partner of one John W. Clark, since deceased; and Mrs. Clark, the appellant, and one Robinson qualified as his administrators, and obtained an order for the sale of his personal property to pay his debts. Hart was in control of the partnership property, as surviving partner, and alleges that Clark was largely indebted to the firm, and that he, Hart, consented that the administrators should sell Clark's half interest in the firm on the express understanding that he be allowed to purchase such half interest, and give his note therefor, with the agreement that if it afterwards turned out that the partnership interest of said Clark was insufficient to discharge his estate from existing debts, then the said sale was not to change the character of said property from partnership property, and that the note of complainant was to be and remain the property of the firm in the right of complainant, as surviving partner, and be applied to the firm debts, and not as the individual property of either complainant or Clark. Hart filed his bill, alleging such agreement, and praying that the promissory note be reformed, and made to speak the truth, by stating all the terms, conditions, &c., of the same, and of the contract on which the same was executed, and of which it only states

[Clark v. Hart.]

a part, and that when so reformed that said contract be enforced, &c., and that in the meantime said Emeline Clark and her agents, &c., be perpetually enjoined from collecting the said judgment on said note. The paragraph of the bill upon which this case is principaly decided, is set out in the opinion. The defendant demurred to the bill, setting out various grounds, one of which is the following: "*Fourth,* because said bill does not aver fraud upon the part of respondent, nor those through whom she claims, nor any mistake or fact in the making or giving of said note, by which, or in consequence of which any of the terms of the agreement were omitted from said note; but avers, instead, that said agreement was not incorporated in writing as a part of said note, because complainant (and the others) believed or supposed the same could be proved by parol, which was a mistake of law, not of fact—against which a court of equity will not relieve." This demurrer, with others of like character, was overruled; which ruling is now among the several assignments of error, in appeal by defendant to this court.

JOHN M. MCKLEROY, for appellant.—1. The alleged contract, or agreement, by Hart with the administrators is illegal. Administrators have no right, under our statutes, to sell even the personal property of decedents at private sale, or without an order of court.—See *Baldwin v. Hatchett, Adm'r,* present term; *Humes v. Fariss,* 48 Ala. 615; 32 Ala. 676; *Dearman v. Dearman & Coffman,* 4 Ala. 521; *Hays' Executor v. Lawson, Adm'r,* 23 Ala. 377; *Hopper, Adm'r v. Steele,* 18 Ala. 828; *Wyatt's Administrator v. Rambo,* 29 Ala. 510.

2. The alleged contract being void, no reformation and enforcement of it can be decreed.—*Bryan v. Camp,* 30 Ala. 276; *Humes v. Fariss, supra; Dial v. Hair,* 18 Ala. 798; *Evans v. Kittrell,* 33 Ala. 449; *Smith v. Johnson,* 37 Ala. 633.

3. No reformation can be decreed, because there is no allegation of fraud in the bill, only a mistake, and that purely a mistake of law.—1 Story Eq. Jurisp. 7th ed. §§ 111, 115; *Betts v. Gunn,* 31 Ala. 221; 2 Pars. Contr. 5th ed. 495, 496; *Haden v. Ware,* 15 Ala. 159; *Burns v. Hamilton,* 33 Alabama.

4. The sixth demurrer should have been sustained. The complainant did not move in time to reform or rescind his alleged contract.—*Betts v. Gunn, supra.*

[Clark v. Hart.]

JAS. L. PUGH, *contra.*—1. The bill shows that the parol part of the contract was reasonable and just, and such as a prudent man, under the circumstances, would require to be entered into before he would give up valuable rights and powers necessary for his protection, as surviving partner.

2. Mrs. Clark, as an individual, had no right to acquire the note stript of the terms, conditions and considerations upon which she herself induced and procured its execution. She took the note with full knowledge of the terms and conditions of the contract, which she made part of the note, and most assuredly, she took the note *cum onere.* Can Mrs. Clarke derive property which Hart had the right to apply to partnership debts, by making terms and conditions which induced Hart to part with the partnership, and then set up her own want of authority in avoidance of her contract? Can she be thus benefitted by her own wrong?—See opinion of Judge STONE, in *Andrews v. Keith,* 34 Ala. 722, and cases therein cited; 29 Ala. 558; *ib.* 346; 3 *ib.* 428; 6 *ib.* 77; Addison on Contracts, 840–2.

3. This matter of reforming contracts is a perplexing subject of equity jurisdiction, and has given the courts much trouble; but the tendency of modern adjudications is to amplify the "moral jurisdiction" of courts of chancery to the very verge of the maxim, "*ignorantia legis neminem excusat.*" In *Stone, Trustee v. Hale et al.* 17 Ala. 561, the following is quoted from Judge STORY, with approbation: "Equity interferes in case of written agreement, where there has been an *innocent omission* of a material stipulation, contrary to the intention of both parties, and under a mutual mistake." In *Larkins et al. v. Biddle et al.* 21 Ala. 256, this court says: "Where the instrument does not express the agreement of the parties from ignorance . . . . *or any other cause,* it is competent for equity to correct the mistake." "Although the error occurred through a mistake, or ignorance of the *law,* the error itself might be more properly considered as a mistake of fact."

4. If the omission is intentional, of course it cannot be supplied, as that would be making a new contract against the agreement of the parties. The true distinction and principle is between a mistake intentionally made and a mistake of omission unintentional and innocent, in the language of the bill.—*Trapp & Hill v. Moore & Border,* 21 Alabama, 696, is a strong case in support of the equity of the bill.

STONE, J.—1. Against a simple mistake of law, no court. will grant relief "*ignorantia legis, neminem excusat.*"—1 Sto. Eq. § 111, *et seq.;* 1 Brick. Dig. 680, §§ 593 to 598.

2. When a writing fails to express some important element of the contract, which the parties mutually intended it. should express, or expresses it differently from what they had mutually agreed it should express; and this failure or difference of expression is the result of mistake or fraud, chancery, on clear proof, will reform the contract, so as to make it effective as the parties mutually intended.—1 Sto. Eq. Ju. 140, 152; 1 Brick. Dig. 681, §§ 606, 607, 608.

The difficulty lies in determining, sometimes, whether the alleged mistake, sought to be corrected, falls within the rule. Chancery does not add terms to the contract, which the parties did not intend to embody in the writing. It is only when stipulations which the parties intended to express have been left out *by mistake*, or omitted through fraud, that the reforming powers of the Chancery Court can be called into exercise. If there be other cotemporaneous agreements or terms, not put in the writing, and not intended to be inserted therein, this is no mistake of fact, and furnishes no ground for equitable interposition. It is simply a mistake of law in supposing that such oral stipulations may be proved and considered in construing the writing. To allow reformation, under such circumstances, would be to create for the parties a written contract, which they intentionally left in confidence, and did not intend to express in the writing. In other words, it would enable chancery to relieve parties of all the disabilities which result from that very salutary rule of evidence, which forbids that oral proof shall be received to add to, vary, or contradict the terms of a written contract.—*Larkin v. Biddle,* 21 Ala. 252; *Trapp v. Moore, ib.* 693; 1 Sto. Eq. Ju. §§ 153, 155, 158; *Ledyard v. Hartford Ins. Co.* 24 Wis. 496; *White v. Williams,* 48 Barb. 222; *Wilson v. Strayhorn,* 26 Ark. 28; 1 Sto. Eq. § 164 *b*.

There is a principle, well understood and recognized, which may be supposed to infringe somewhat on the doctrine, that mistakes of law furnish no ground for correction in courts of chancery. We mean that class of cases where the draughtsman, whether the grantor or another, intends to create a certain estate, or to vest a certain right or interest, yet, by mistake, employs language which confers an estate, right or interest, other and different from what it was intended the writing should express. These cases do not fall within the principle last above described; for there is nothing inten-

[Clark v. Hart.]

tionally left in parol or in trust. The intention, in all such cases, is to express every term of the contract in the writing. The mistake consists in the employment of language which fails to express the true intention. To reform the contract, under such circumstances, is simply to make the writing express what the parties intended it should express.—*Stone v. Hale*, 17 Ala. 557; *Larkins v. Biddle*, 21 Ala. 252; *Lane v. Graham*, 25 Ala. 187.

The language of the present bill, which, it is averred, shows the mistake under which certain alleged elements of the contract were left out of the writing, is as follows:

"Complainant avers that from ignorance and mistake and unintentional omission, all the terms and conditions and considerations of the entire contract by and between said parties aforesaid, were not reduced to writing, or stated in the face of said note; but each and all said terms, conditions and considerations of said contract were intended to be, and in fact were understood by each of the parties to said agreement, to be a part of said promissory note and of the contract on which the same alone was executed, and it was never conceived by either of said parties that it was necessary to reduce all said contract to writing in order to make the same binding between the parties thereto, or good and valid and provable against said note."

This language falls very far short of averring that anything intended to be embraced or expressed in the writing was, by mistake or otherwise, left ont. On the contrary, it negatives all idea of accidental omission, by averring that "it was never conceived by either of said parties that it was necessary to reduce all said contract to writing." The present bill fails to make a case for relief, and the demurrer to it should have been sustained.—1 Sto. Eq Ju. §§ 113, 114, 115; *Imhum v. Child*, 1 Bro. Ch. 92.

3. We, at one time, supposed that this bill, even if otherwise well conceived, came too late to reform the note in controversy, after the latter had become merged in a judgment. We express no opinion on that question.—See *Quirey v. Baker*, 37 Cal. 465; Gump's Appeal, 65 Penn. St. 476; *Colwell v. Warner*, 36 Com. 224; *Lass v. Abry*, 22 N. J. Eq. 52; *Byrne v. Edmonds*, 23 Grat. 200; *Wardlaw v. Wardlaw*, 50 Ga. 544; *Barnesby v. Powell*, 1 Ves. Sr. 119, 283.

The decree of the chancellor is reversed, and a decree here rendered, sustaining the defendant's demurrer, and dissolving the injunction. It is therefore ordered and decreed that the demurrer of the defendant be, and the same is, sustained,.

.and said bill dismissed. Let the complainant below pay the costs incurred in that court and in this, to be taxed as in other cases.