# Tyson v. Chestnut.

*Bill in Equity to Reform Written Contract.*

1. *Reformation of written instrument.*—Equity will reform instruments under proper averments and proof, but, to authorize a reformation of a written contract, when resisted, the proof must be clear, exact, and satisfactory, and the burden rests upon the party complaining.

2. *Same; when not reformed as to clause intentionally inserted.*—A covenant in a contract of lease, guarantying possession of the premises for the term of the lease, intentionally inserted, will not be reformed so as to be conditional on the premises not being redeemed from a mortgage foreclosure, in the absence of clear and satisfactory proof that such was the intention of the parties.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

Bill by M. M. Tyson against J. C. Chestnut for injunction and reformation of a contract of leasing. The bill was dismissed and complainant appeals.

J. C. RICHARDSON, for the appellant.

GAMBLE & POWELL, for the appellee.

[Tyson v. Chestnut.]

COLEMAN, J.—J. C. Chestnut sued the complainant Tyson in a court of law, to recover damages for the breach of a contract of leasing for a term of four years. The lessor "Tyson guaranteed to said Chestnut the peaceable and legal possession of the place above mentioned for the time specified" (which was four years) and it is for an alleged breach of this covenant that the said Chestnut sued. The complainant, Tyson, filed the present bill, praying for an injunction, and the reformation of the contract of lease. The averment of the bill, is, that when "said lease and contract was made it was the express intention, contract and understanding that the lease should be subject to the redemption of Ewing, Dickson and others, and should not be in force or binding after such redemption; that the lease should continue in force during the four years, provided said lands were not redeemed, then and in that event and from that time, the lease should be inoperative and the unpaid rent should not be collectible. That the scrivener who drew the notes and lease omitted to insert or make a part of such lease the said provision," &c.

The respondent Chestnut answered the bill, denying the material allegation as to any omission from the contract of lease, and averred that it was in accordance with the lease contract as made, and that he required of the lessor the guarantee before he would rent the land for four years. The cause was submitted on the evidence, and the Chancery Court refused the complainant relief and dismissed the bill. We have no doubt of the correctness of the conclusion reached by the Chancery Court. It is very clear from the evidence of the respondent, and also of the scrivener, who was the son-in-law, and for drawing the lease, and negotiating the terms of the lease, the agent of the lessor, that the guarantee was inserted intentionally. The parties differ materially as to the purpose and effect intended, by the insertion and making a part of the lease the guarantee for "peaceable and legal possession." The evidence for complainant tends to show, that it was inserted merely to protect the lessee against all loss for any improvements he might place upon the rented premises, if the lands should be redeemed within the period of the lease, but contends and offers evidence to show that it was not intended to guarantee the possession. Respondent insists, that the premises were greatly out of repair, and required the expenditure of a large sum of money to put the premises in condition for habitation and farming purposes, and that he was not willing to lease them for a shorter term nor without a guarantee for

[Ex parte Ashurst.]

peaceable possession during the entire period of four years. The case made by the bill and the relief prayed is, that the contract be so reformed that it "will be subject to redemption, and continue in force during the four years, provided said lands were not redeemed, but if said lands were redeemed, then and from that time the lease should be inoperative," &c. It is evident not only from the bill of complaint but from the evidence of both complainant and respondent, the guarantee was not inserted by mistake, or fraud. Now if this bill was reformed in the respect prayed for, the entire contract would be changed. The guaranty would be ineffectual to accomplish the purposes, which complainant's evidence admits was intended, and would be wholly inoperative. Equity will reform instruments under proper averments and proof, but to authorize a reformation of a written contract which is resisted, the proof must be clear, exact and satisfactory, and the burden rests upon the party complaining.—*Campbell v. Hatchett*, 55 Ala. 548; *Alexander v. Caldwell, Ib.* 517; *Houston v. Faul*, 86 Ala. 232; *Clark v. Hart*, 57 Ala. 390; *Dexter v. Ohlander*, 95 Ala. 467.

The evidence satisfies us that the lessor did not anticipate a redemption of the land, and it may be, the lessee did or did not. The lessee provided against possibilities in this respect, and the lessor must bear the consequences of her mistaken judgment or neglect. The proof falls far short of that required to authorize the relief prayed for in her bill.

There is no error in the record, and the case must be Affirmed.