# Smith v. Allen.

*Bill in Equity to reform a Deed.*

1. *Reformation of a deed; burden of proof.*—Where a bill is filed to reform a deed on the ground of mistake in the property conveyed, the burden is on the complainant to overcome the legal presumption that the writing truly expresses the intention of the parties by clear, exact and satisfactory evidence; and unless the mistake is shown beyond reasonable controversy, the deed must remain unchanged, as the sole expositor of the intention and agreement of the parties.

[Smith v. Allen.]

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, Wm.
L. Smith, against the appellee, Russell Allen, and pray-
ed to have reformed and corrected a deed to certain lands,
which the complainant had executed to the defendant in
exchange for other certain lands.

The complainant exchanged, by mutual conveyances,
certain lands with the respondent. His deed thereto
contained warranties of title. After the exchange of
said lands the said Allen instituted a suit in the circuit
court for damages against the said Smith, alleging a
breach of warranty contained in the deed made to him
by the complainant, in that all the mineral interest in 60
acres of the land exchanged to him had been previously
conveyed to one Ensley. Thereupon, the complainant
filed the present bill, praying that the respondent be en-
joined from prosecuting his suit for damages in the cir-
cuit court, and that the said deed to the respondent be
reformed and corrected so as to state the true intention
and agreement between the parties at the time of the
conveyance, which agreement, he alleges, was that the
mineral rights to said 60 acres were specially reserved,
and should have been excepted in the deed, but were
omitted through mistake. The complainant alleges in
his bill that, before the exchange was made, he told the
respondent that the mineral rights to the lands had been
sold and conveyed away, and that he, therefore, had no
right to convey them.

The evidence for the complainant and the respondent
was in direct conflict. Upon the final submission of the
cause, upon the pleadings and proof, the chancellor held
that the complainant had not shown that he was entitled
to the relief prayed for, and decreed that his bill be dis-
missed. This decree is here assigned as error by com-
plainant, who prosecutes the present appeal.

ALMON & BULLOCK, for appellant, cited *The Marquis of
Townshend v. Stangroom,* 6 Vesey 328 ; *Berry, Demoville
& Co. v. Sowell,* 72 Ala. 14 ; *Garrett v. Garrett,* 29 Ala.
439 ; *Wittock v. Keifer,* 31 Ala. 199 ; *Alexander v. Hooks,*
84 Ala. 605, 4 So. Rep. 417 ; Greenleaf on Evidence,
§ 200 ; 1 Story's Eq., § 157.

JAMES W. BOLTON, *contra*, cited *Campbell v. Hatchett*, 55 Ala. 548; *Turner v. Kelly*, 70 Ala. 85; *Robertson v. Walker*, 51 Ala. 484; *Lehman Bros. v. McQueen*, 65 Ala. 570; *Murphy v. Butler*, 75 Ala. 381; *Eureka Co. v. Edwards*, 71 Ala. 248; *Kelly v. Karsner*, 72 Ala. 106; *Patton v. Beecher*, 62 Ala. 579.

COLEMAN, J.—The bill was filed to reform a deed of conveyance of land executed by appellant, Smith, to the respondent, Allen. The entire land was conveyed in fee, with covenants of warranty. The bill avers that as to sixty acres of the land sold and conveyed, the understanding and agreement of the parties was, that complainant "was only to convey the surface of" the sixty acres "and that said minerals and other rights were put in said conveyance or not excepted therefrom through inadvertence or mistake," and that respondent "knew that complainant did not own said minerals," "and he did not agree to sell and convey said minerals," &c. The answer contains positive and specific denials of all the material allegations of the bill. The deed is made an exhibit to the pleadings, and its execution fully proved and admitted. In such cases the burden is on the party complaining of the mistake to overcome the presumption of law that the writing truly expresses the agreement and intention of the parties. "In all cases unless the mistake is admitted it must be proven by clear, exact, and satisfactory evidence." "Until beyond reasonable controversy the mistake is made to appear, the writing must remain the sole expositor of the intent and agreement of the parties.—*Hinton v. Citizens Mutual Ins. Co.*, 63 Ala. 488; *Turner v. Kelly*, 70 Ala. 85; *Campbell v. Hatchett*, 55 Ala. 548; *Tyson v. Chestnut*, 100 Ala. 571.

The testimony is in irreconcilable conflict. The witnesses for complainant, who testified as being present when the terms of the verbal contract were agreed upon, are himself and the witness Short. These witnesses testify that the terms of the agreement were concluded upon the premises. The witnesses on this point for the respondent are himself and wife, who fix the time and place when the verbal agreement was concluded at respondent's house. The witness Allen Morris tends to corroborate the statement of the respondent to the effect, that on the day he examined the premises with complain-

[Louisville & Nashville Railroad Co. v. Gerson & Sons.]

ant, the witness for the complainant, Short, was not present. The evidence shows that the deed was prepared by a skillful attorney employed for that purpose, and when both parties were present. The attorney has.not been examined. The deed remained in the possession of the grantor some days before its acknowledgment. The justice of the peace, who took the acknowledgment and was present when it was delivered, was examined by the respondent. He heard nothing of any incumbrance or exception to be reserved in the conveyance. The declarations testified to, as having been made some years after the execution of the deed, can have but little weight in determining the agreement of the parties when the deed was executed. The complainant has fallen very far short of the measure of proof required, to entitle him to a reformation of the deed as prayed for in his bill.

There is no error in the record, and the decree of the chancery court is affirmed.