# Miller *et al. v.* Morris *et al.* *

*Bill in Equity for the Reformation of a Deed and Injunction of Suit at Law.*

1.  *Reformation of deed; burden of proof.*—Where a bill is filed to reform a deed on the ground of an unintentional mistake in the description of the property conveyed therein, to authorize the relief prayed for, the proof must be clear and convincing; but the law does not require the fact of the mistake to be proved beyond all reasonable doubt.
2.  *Same; sufficient averments of bill to confer jurisdiction.*— Where a bill which avers that the complainant unintentionally included in the deed executed by him to the defendant property to which he had no title, that prior to the conveyance the land intended to be conveyed and purchased had been pointed out to the grantee in said deed, which did not include the portion of the land erroneously described in the deed, and that subsequently the defendant, who was the grantor in the deed, had brought an action at law against

---

* This case was held up pending an application for rehearing until February, 1900.

[Miller *et al.* v. Morris *et al.*]

the complainant for breach of warranty contained in said deed, such bill is sufficient to confer upon a court of equity jurisdiction to reform the deed and to enjoin the action at law.

3. *Husband and wife; wife joining in deed to release her dower not bound by warranty therein.*—A wife who has joined with her husband in a deed simply to release her dower, is not, under the provisions of the statute (Code, §1514), bound by the covenants of warranty contained in said deed; and, therefore, in an action at law against a husband and wife for a breach of the covenants of warranty, the wife has a complete defense.

4. *Same; same; right of wife to maintain cross-bill in suit to reform deed.*—On a bill filed to reform a deed and to enjoin an action at law brought against the complainants for the breach of warranty contained in said deed, the bill averred the execution of the deed by the complainant and his wife, his wife having joined therein to release her dower, that in the preparation of the deed an unintentional mistake was made in describing the lands intended to be conveyed and which were purchased by the grantor, that the grantees in said deed had brought an action at law against the complainant and his wife to recover damages for the breach of the covenants of warranty. To this bill the complainant's wife was made a party defendant. In her answer, the wife of the complainant admitted the averments of the bill, alleged the mistake in the execution of the deed, and asked that her answer be taken as a cross bill, and prayed that said deed be reformed so as to convey the lands intended to be sold and purchased, and that the defendants in the original bill be enjoined from the prosecution of their suit at law against her. *Held*: That the complainant in the cross bill was not entitled to the relief prayed for, since she had a complete defense to the action at law; and that, therefore, a decree granting her relief was erroneous.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed by W. M. Morris against Frank M. Miller, Callie A. Miller and Edna Morris. It was averred in the bill that on January 26, 1894, the complainant and his wife Edna Morris conveyed to the defendants, Frank M. Miller and Callie A. Miller certain lands, among which was the south $\frac{1}{2}$ of the southeast $\frac{1}{4}$ of section 1, township 8, range 4 west, said deed containing the usual covenants of warranty. It was then

averred in the bill that it was intended by all the parties to the conveyance that the complainant and his wife would convey and that said Miller would purchase only that part of said tract of land which lay east of the South & North Alabama Railroad Company's right of way; that prior to the conveyance and pending the negotiations, the complainant pointed out said tract of land, which was intended to be purchased and conveyed, to Frank M. Miller, and pointed to the railroad's right of way, designating said right of way as the western boundary of the land owned by plaintiff and which was to be conveyed in the deed, and that this was fully understood and acquiesced in by said Miller; but that in the execution of the deed, by mistake or inadvertence on the part of the draftsman, it was so drawn as to include all of said south $\frac{1}{2}$ of said section 1, township 8, range 4 west, without making the exception intended and previously agreed upon. It was then averred in the bill that subsequently, on February 27, 1897, Frank M. Miller and Callie A. Miller brought a suit in the circuit court of Morgan county against the complainant and his wife, seeking to recover damages for the breach of the covenants of warranty contained in said deed, averring in said complaint that the covenants were broken by reason of the fact that 8 acres of the said south $\frac{1}{2}$ of the southeast $\frac{1}{4}$ of section 1 was not owned by said Morris at the time of the execution of the deed. It was then averred that said 8 acres were on the west side of said railroad track, and were not intended to be included in said deed.

The prayer of the bill was that the deed executed from Morris and wife to Miller be corrected and reformed so as to convey the lands intended to be conveyed and purchased, and that the said Millers be further enjoined from prosecuting their action against the complainant and his wife. The defendant, Edna Morris, filed her answer to the bill, admitting the averments thereof and further alleging the mistake and inadvertence in the execution of said deed, and asked that her answer be taken as a cross-bill and that the said deed be reformed

[Miller *et al.* v. Morris *et al.*]

so as to convey the lands intended to be sold and purchased, and that the Millers be further enjoined from the prosecution of their suit against her.

The other defendants, Frank M. Miller and Callie A. Miller, separately demurred to the bill and the cross-bill, upon the ground that the complainant in the original bill and the complainant in the cross-bill had a clear, adequate and complete defense at law, to the suit brought by the said Millers; and that, therefore, the bill and the cross bill were without equity. The other facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant in the original bill and the complainant in the cross bill were, respectively, entitled to the relief prayed for, and ordered accordingly. From this decree the respondents appeal, and assign as error the rendition of the final decree and a decree overruling the demurrers to the original and cross bill.

W. R. FRANCIS, for appellant.—The primary object of the bill and cross bill in this case is the injunction of the action at law, and the question of reforming the deed is merely a pretext to get the injunction. The reformation of the deed would avail nothing without the injunction, and the case must therefore be treated merely as an injunction bill, and if the facts stated in the bill and cross bill show that the defenses set up in the bill could be set up by proper plea in the action at law, the demurrers must be sustained, and the bill and cross bill dismissed.—*Womack v. Powers,* 50 Ala. 5; *Butler v. Baines,* 12 L. R. A. 273; *Gunn v. Hardy,* 107 Ala. 609. The court erred in overruling the 4th ground of demurrer to the cross bill. The cross complainant could set up her coverture by proper plea to the action at law.—Code of 1896, § 1514.

The averments of the bill and cross bill being denied in the answer thereto, the burden is cast upon the complainant and cross-complainant to establish the mistake. *Davis v. Roberts,* 89 Ala. 402; *Burnell v. Morris,* 106 Ala. 349.

[Miller *et al.* v. Morris *et al.*]

This being a proceeding to reform a deed or correct a mistake, a greater degree of certainty is required in the proof to establish the mistake than is required in establishing ordinary averments of facts. Whatever of doubt and uncertainty the evidence may generate, must be resolved against him, and the writing remains the sole expositor and memorial of the contract.—3 Brick. Dig., 358, § 381; *Campbell v. Hatchett*, 55 Ala. 548; *Turner v. Kelly*, 70 Ala. 85; *Burnell v. Morris*, 106 Ala. 349.

E. W. GODBEY, *contra.*—The ownership and claim of the ownership on the part of Morris being limited to the land east of the railroad, an intention to convey that west of the railroad will not be imputed to him, but, knowing the extent of his title, he will be "held to have conveyed with reference to that title."—*Parker v. Parker*, 88 Ala. 362; *Peck v. Ostee*, (Fla.) 20 So. Rep. 549.

The uncontroverted evidence, conceded by defendants and their witnesses, that the value of the land of which Miller acquired title and possession was worth more than Miller paid, and that the few acres in controversy were alone worth several times the price paid, is conclusive that the intention was to buy and sell only that east of the railroad.—*Stafford v. Giles*, 19 Atl. Rep. 1028; *Parker v. Parker*, 88 Ala. 362; *Andrews v. Andrews*, 81 Me. 337; *Baldwin v. Nott., etc., Fence Co.*, 19 C. C. A. 575, 73 Fed. 574; *Harring v. Peaslee*, 60 N. W. Rep. 650; *Clark v. Roots*, (Ark.) 6 S. W. Rep.; *Ferro v. Lumb. Co.*, 58 N. W. Rep. 603.

A mere conflict in the testimony will not justify the refusal of the relief. The facts in this case show that the complainant was entitled to the relief he asked for. *Calhoun v. Thompson*, 56 Ala. 166; *Weathers v. Hill*, 92 Ala. 492.

COLEMAN, J.—The appellants sued the appellees for a breach of covenants of warranty contained in a deed executed by the appellees to the plaintiffs. Thereupon the appellees filed the present bill, to have the deed

of conveyance reformed as to the description of the land, and to enjoin the action at law. No other court has jurisdiction to reform a deed, and relief will always be granted upon proper averments, if the evidence is sufficient. The proof must be clear and convincing, but the law does not require that the facts be proven beyond all reasonable doubt, as it does to authorize a conviction in criminal cases.—*Johnson v. Crutcher,* 48 Ala. 368; *Tyson v. Chestnut,* 100 Ala. 571; *Smith v. Allen,* 102 Ala. 406; *Campbell v. Hatchett,* 55 Ala. 548; *Turner v. Kelly,* 70 Ala. 85.

An unintentional mistake of a material character is plainly averred in the bill, and there was no error in overruling the demurrer to complainant's bill. The answer is ingeniously drawn, but is obviously evasive as to one or more material allegations of the bill, where it is alleged that complainant informed the respondent during the negotiations for the sale, that his line was bounded on the west by the right of way of the railroad, and that the lands he proposed to sell, lay east of the railroad. It is also clearly established, that the rejection of the first deed tendered was on account of a defect in the title to the northwest quarter of the southeast quarter of section one, and had no reference whatever to the south half of the southeast quarter of said section, the subject of the present litigation. This is shown not only by other testimony, but the written agreement of the parties, supervised by their respective counsel, establish this fact. The record is very voluminous, and a detailed discussion of the testimony would not be profitable to the profession or to the parties. After a full consideration of all the legal evidence, the evidence shows beyond all reasonable controversy, not to say beyond all reasonable doubt, that the complainant is entitled to have the deed of conveyance reformed, and the decree of the chancellor granting the relief must be affirmed.

To the original bill, Edna Morris, wife of complainant, was made a party respondent. She prayed that her answer might be taken as a cross-bill, and prayed for reformation also. The chancery court granted relief upon the cross-bill. She was not bound by the cov-

enants of warranty in the deed of her husband to the respondent. The only effect of joining with her husband in the deed, was to convey her dower interest. The statute expressly makes this provision.—Code of 1896, § 1514. The bill shows that she had no other interest in the land. Her answer, which is conclusive on her in this case, expressly avers that she had no other interest in the land conveyed, and the evidence leaves no reasonable doubt of the truth of these averments. She had a perfect defense at law, and as a cross-bill, it is without equity. No benefit could possibly result to respondent by a review of the case. So far as the decree of the chancery court granted relief on the cross-bill, it is reversed and annulled, and a decree will be here rendered, denying relief on the cross-bill. With this modification, the decree of the chancery court is affirmed. The cross-complainant will be taxed with one-fourth of the costs of this appeal, and with the cost of the answers to the cross-bill in the chancery court.

Modified and affirmed.