199 So. 699

## HARPER v. KANSAS CITY LIFE INS. CO. et al.

### 4 Div. 171.

Supreme Court of Alabama.

Dec. 19, 1940.

Rehearing Denied Jan. 23, 1941.

J. M. Rowe, of Elba, for appellant.

J. C. Fleming and Eris F. Paul, both of Elba, for appellees.

BROWN, Justice.

The bill, filed by appellant, one of the beneficiaries named in an insurance policy, after the death of the insured, against the insurer and the other named beneficiary, seeks reformation of the policy as designating the complainant, the wife of the insured, as the primary beneficiary and the respondent beneficiary, the mother of insured, as a contingent beneficiary.

In brief, filed here, appellant states:

"It is the contention of the complainant, as alleged in the bill of complaint, as amended, that the insured at the time he made application for the policy herein involved on the 8th day of December, 1937, intended that his wife, the complainant, should be named therein as the sole beneficiary in case she should be living at the time the same became a death claim, and that his mother, Emma Blanche Harper, should be named in said policy as contingent beneficiary, to receive the total amount of insurance only in case his wife should die before his own death. In support of this contention it is shown [alleged] that the beneficiary was designated in the application for the policy (the application being a part of the policy) in the manner: 'Lula Mae Harper, wife, or survivor, Emma Blanche Harper, mother.'

"In the face of the policy, however, the beneficiary was designated in a different manner, viz.: 'Lula Mae Harper, wife, and Emma Blanche Harper, mother or survivor.'

"It is the contention of the complainant that, in so designating the beneficiary in the face of the policy a mistake was made such as would warrant a reformation thereof; and, also, that the Insurance Company, by designating the beneficiary in the face of the policy in a manner different from that in which the designation was made in the application for the same, committed a fraud, actual or constructive, such as would warrant a reformation."

The alleged mistake is denied by the respondent beneficiary, and the insurer sets up the manner of designation of the beneficiaries in the application signed by the insured, and the manner of designation in the policy, and says: "This respondent neither admits nor denies that a mistake was made by it in thus designating the beneficiary in the policy; it shows to the court that it is without interest in the matter except its duty to carry out the effect of the insured's instructions as contained in the application; that if the designation as contained in the policy is not proper and pursuant to the application, it is in truth and in fact due to a bona fide misapprehension on the part of this respondent as to the meaning of the language used in the application and this respondent joins with all parties to this suit in submitting to this court the determination of the question."

Much testimony was taken by deposition touching on the issue formed by the pleading and some documentary evidence was adduced, including the policy which embodied a photostatic copy of the application as a part of the contract. On submission, on pleading and proof, the circuit court denied relief and dismissed the bill. Hence the appeal.

■■ It is well settled in this state that courts of equity, in exercising jurisdiction to reform written instruments on account of alleged mistake or fraud in their execution, proceed with utmost caution as such reformation necessitates an invasion of a general salutary rule of evidence prevailing at law and in equity. And unless the mistake is admitted, it must be alleged with precision and proved "by clear, exact, and satisfactory evidence, that the mistake exists, —that the writing deviates from the intention and understanding of both parties at the time of its execution," to warrant judicial intervention. Hertzler, Jr. v. Stevens, 119 Ala. 333, 24 So. 521, 522; Ohlander v. Dexter, 97 Ala. 476, 12 So. 51; Moragne v. Moragne et al., 234 Ala. 660, 176 So. 455; Atlas Assurance Co. Limited of London, England v. Byrne, 235 Ala. 281, 178 So. 451. Or as some of the cases express the rule, "until, beyond reasonable controversy, the mistake is made to appear, the writing must remain the sole expositor of the intent and agreement of the parties." Hinton v. Citizens' Mutual Insurance Com-

pany, 63 Ala. 488; Smith v. Allen, 102 Ala. 406, 14 So. 760; Hertzler, Jr. v. Stevens, supra.

The designation of the beneficiaries was made by the applicant answering the following questions in the application.

"15. To whom is the insurance payable at your death? Full Christian name. (Print) (If a minor, give age.) 15A. I reserve the right to change the beneficiary.

| | Relation to Applicant. | Present Address |
|---|---|---|
| Lula Mae Harper or survivor. | wife | Smith Ave. |
| Emma Blanche Harper, | mother | Elba Ala." |

This designation is reasonably subject to the interpretation that it was the intention of the applicant to designate his wife and mother as joint equal beneficiaries, if they both survived the insured, and if only one survived him such survivor to take the whole. Certainly the question of the applicant's survivor was not in his mind, because he was preparing for the event of his death and the protection of his loved ones that might survive him. The thought of survivorship is not compatible with the idea of primary and contingent right of benefit. It is certainly more compatible with the thought of equality of right in the first instance with full right to the survivor.

The circumstance stated clearly will not warrant the conclusion that the insurer was guilty of fraud, actual or constructive, in inserting the names of the wife and mother as joint beneficiaries with the right of full benefits to the survivor.

After full consideration of the parol testimony in connection with all the evidence in the case, we are of opinion that the complainant has failed to meet and carry the burden of proof resting upon her, and we concur in the conclusion expressed in the decree of the circuit court.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.