6 So.2d 424
#### MORRIS v. EARNEST et al.
#### 6 Div. 918.

Supreme Court of Alabama.
Feb. 19, 1942.

Curtis & Maddox, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellees.

BROWN, Justice.

This appeal is from the final decree of the circuit court, sitting in equity, granting relief to the complainants, seeking a reformation of a deed executed by the defendant to James D. Earnest on the 10th day of May, 1911, in which defendant, for a valuable consideration undertook to grant, bargain, sell, quitclaim and convey, to said Earnest seven forties of land situated in Sections 19 and 30, Township 16, Range 8, Walker County Alabama, containing a total of 280 acres.

As a basis for this relief the bill alleges:

"Complainants further allege that the consideration for the property described in the deed made by James D. Earnest and his wife M. A. Earnest to S. N. Morris on the 10th day of May, 1911, was that S. N. Morris would deed and quitclaim to the said James D. Earnest the lands which the said James D. Earnest obtained from James W. Wilcutt and his wife M. J. Wilcutt made to James D. Earnest on to-wit March 24, 1908, and alleges that there was no other consideration for the lands deeded to S. N. Morris by the said James D. Earnest and his wife M. A. Earnest.

"Complainants further allege that the said S. N. Morris, in making said deed, did not properly describe the property in the said deed; that the said S. N. Morris did deed to James D. Earnest on the same date, to-wit May 10, 1911 certain property which said deed is recorded in deed record 141, page 113, and a copy of said deed is hereto attached to this bill of complaint, marked Exhibit E, and made a part of this bill. Complainants further allege that at the time the said S. N. Morris made the deed on May 10, 1911 to James D. Earnest that the deed contained lands in which the said S. N. Morris *did not have title* and which he did not own any interest in or to the said lands; that the deed contained in the description thereof, among others, The northwest quarter of the northeast quarter, Section 30, Township 16, Range 8, West, in Walker County, Alabama, when the said description should have been The southeast quarter of the northeast quarter, Section 30, Township 16, Range 8, West, in Walker County, Alabama, and complainants allege that there was a mutual mistake in the said deed made by the said S. N. Morris to the said James D. Earnest on to-wit May 10, 1911 in that the deed made contained the northwest quarter of the northeast quarter, Section 30, Township 16, Range 8, when it should have contained and should have been the southeast quarter of the northeast quarter, Section 30, Township 16, Range 8, West.

"Complainants allege that the said James D. Earnest at the time the said deed was made was blind and could not read and that he relied upon the said S. N. Morris to make the deed properly, correctly, and accurately, and to place therein a proper description of lands which were to be deeded to him, but allege that the S. N. Morris in drawing the numbers to said deed in-

correctly described the said lands as set forth in this paragraph and that the said description should be changed by a proper decree of this court.

"Complainants further allege that at the time said S. N. Morris made the deed to James D. Earnest on to-wit May 10, 1911, the said James D. Earnest was a blind man and could not see and that S. N. Morris knew this fact and allege that S. N. Morris filled out and put the description of the lands in said deed which he executed, together with his wife and further alleges that the Morris honestly made a mistake in describing said lands, or fraudulently placed the incorrect and wrong description of said lands in said deed. And further alleges that said James D. Earnest relied upon the said S. N. Morris to properly describe the lands in said deed which he executed and relied upon him to properly describe the property in said deed, and alleges that the S. N. Morris honestly made a mistake in describing the said lands or fraudulently placed the wrong numbers in said deed and wrote the wrong description of land in said deed for the purpose of injuring the grantee James D. Earnest, and alleges that they did not know the lands were incorrectly described for many years; plaintiffs further allege that they are now the owners of said forty acres of land, and claim title thereto, and have requested S. N. Morris to make to them a quitclaim deed to the interest which he claims in said forty acres, and have done this, not one time, but many times but Morris has refused to make said deed and correct said mistake and claims to own some interest, claim or title in and to said property." [Italics supplied.]

■ In support of the first assignment of error, predicated on the court's order overruling the demurrer to the bill as last amended, appellant insists that the circuit court erred in this ruling: "Because there was no allegation in the bill that *appellant intended to convey* the forty acres involved, and without it the bill had no equity." [Italics supplied.] In support of this contention Harper v. Kansas City Life Ins. Co., 240 Ala. 472, 199 So. 699, Holmes v. Riley et al., 240 Ala. 96, 196 So. 888, and *other cases* of like import are cited. While we reaffirm the holding in those cases, we are of opinion that in the absence of a ground of demurrer pointing specifically to this defect, the allegations of the bill quoted are sufficient to warrant the relief. Equity Rule 14, Code of 1940, Tit. 7 Appendix, p. 1052.

■ ■ The general demurrer for want of equity tests only defects in substance, and all proper amendments are considered as having been made. Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Wood v. Burns, 222 Ala. 650, 133 So. 696. The nearest approach to the point under consideration is made by ground 6 of the demurrer to the bill as a whole: "That the allegations of said Bill are not sufficient to show such a mutual mistake as would authorize the reformation of the instrument." This does not make the point that the allegations of the bill did not show an intent to convey the forty acres in controversy. Moreover, the equity of the bill is not rested on mutual mistake alone, it alleges a fraudulent act and purpose of the respondent to insert in the deed a wrong description. The first assignment of error, therefore, is without merit.

The second assignment of error takes the point that the decree is in error, in that it adds to the description in the deed "the S. E. ¼ of N. E. ¼, Section 30, Township 16, Range 8," rather than reforming the deed by inserting this description in lieu of the N. W. ¼ of the N. E. ¼ of said section, township and range.

We quote from the decree:

"Accordingly, it is the order, judgment, and decree of the court that said deed executed by respondent S. N. Morris on May 10, 1911, to James D. Earnest, be, and the same is, hereby reformed so as to embrace the lands above described, title to which as against said respondent Morris is hereby confirmed in said complainants."

■ While the decree could have been more explicit, when considered in the light of the pleading and proof, we are of opinion that the effect of the decree was to substitute the S. E. ¼ of the N. E. ¼, of Section 30, Township 16, Range 8, for the N. W. ¼ of the N. E. ¼ of said section, township and range and omit from said deed as reformed the last named forty acres, to which Morris had no title, right or claim at the time said deed was made. The weight of the evidence supports the averments of the bill.

The decree is here corrected as above indicated. This disposes of the questions covered by the assignments of error.

Corrected and affirmed.

GARDNER, C. J., and THOMAS, and FOSTER, JJ., concur.