ROBERTSON, Presiding Judge.
Ruben Chapa (employee) filed a complaint for workmen’s compensation benefits against the City of Mobile (employer) as a result of a work-related accident.
The facts in pertinent part are as follows: The employee was operating a city vehicle when he was involved in an automobile accident. His vehicle was struck in the rear by a vehicle driven by a third party, Annie Williams. As a result of the accident, the employee instituted a negligence action against Williams. The case was tried before a jury, and the issue, by agreement of the parties, was what injuries proximately resulted from Williams’s negligence. The jury returned a verdict “findpng] for the defendant [Williams].”
The employee then filed the present workmen’s compensation action against the city for an injury resulting from an accident arising out of and in the course of his employment.
After considering the briefs, as well as hearing oral arguments, the trial court found in favor of the city on the issue of collateral estoppel.
The trial court specifically found that the employee was involved in an automobile accident in which the city vehicle he was driving was hit from behind by a vehicle driven by Annie Williams. It found that there was no dispute between the parties that the accident arose out of and in the course of the employee’s employment with the City of Mobile. However, the trial court found that the requested relief, i.e., benefits for permanent impairment resulting from the accident, had been litigated in a prior action. Therefore, it found that the employee’s claim was barred by the doctrine of collateral estoppel, and it dismissed the case with prejudice.
The dispositive issue on appeal is whether the trial court erred in dismissing the employee’s workmen’s compensation claim.
The elements of the doctrine of collateral estoppel, or issue preclusion, are (1) an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that resolution of the issue was necessary to the prior judgment; and (4) the same parties. Dairyland, Insurance Co. v. Jackson, 566 So.2d 723 (Ala.1990).
*82 Here, we do not need to address all of the elements because we find that the first element has not been met. The issue in the automobile negligence case and the present issue concerning workmen’s compensation benefits are not identical. Therefore, we find that the trial court erred in dismissing the workmen’s compensation case. We are not to be understood as saying that the employee is due to receive benefits. Rather, we are saying that he is at least entitled to have his workmen’s compensation case tried on the merits. We cannot find that, just because he did not prevail in the negligence action, he is not now entitled to have his day in court concerning whether or not he has any loss of ability to earn according to the workmen’s compensation statutes.
In view of the above, this case is due to be reversed and remanded with directions to have a hearing on the merits of the case.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.