RICHARD L. JONES, Retired Justice.
The defendant, Paul June Melech, Sr., appeals from a summary judgment for the plaintiffs, Stanley Weeks and the Most Reverend Oscar H. Lipscomb, archbishop of Mobile, in an ejectment action. We affirm.
The case from which this appeal arises is one of several lawsuits involving two separate pieces of property in Baldwin County, Alabama. On March 12, 1978, Wilmer Cook, now deceased, conveyed a piece of property (“Parcel 1”) to Melech by warranty deed. The deed showed that $10.00 “and other good and valuable consideration” had been paid and that the grantee had been given title “in fee simple forever.” The deed was duly recorded.
On April 19,1979, Cook conveyed a second lot (“Parcel 2”) to Melech by warranty deed. This deed also recited that $10.00 “and other good and valuable consideration” had been paid. In contrast to the first deed, however, the deed for Parcel 2 stated that the conveyance to Melech was “subject to a life estate retained in Wilmer Cook for as long as he shall live; and, upon his death, said life estate shall be vested in the [grantee, Melech].” The second deed was also duly recorded.
Cook subsequently sued Melech, alleging fraud in the transaction with regard to Parcel 2. The parties reached a settlement in that case and stipulated that the trial court “render” the following “Judgment Decree”:
“ORDERED, ADJUDGED, and DECREED by the Circuit Court of Baldwin County, Alabama, as follows:
“1. That the deed from Wilmer Cook, a widower, to Paul June Melech, Sr., dated April 19, 1979, and recorded in Real Property Book 49, Pages 14-15, in the Office of the Judge of Probate of Baldwin County, Alabama, shall be reformed so as to conform to the actual intent of the parties in that:
“(a) A life estate be retained by Wilmer Cook for as long as he shall live, with Wilmer Cook having the right to maintain a homeplaee on the property and upon his death said life estate shall be vested in Paul June Melech, Sr.;
“(b) The rents and profits, including but not limited to, the campgrounds, trailer rental spaces, and boat launches, shall be the property of Paul June Me-lech, Sr., effective February 19, 1980, and thereafter.
“2. That certain mortgage and note executed by Paul June Melech, Sr., to Wilmer Cook on April 19, 1979, shall also be reformed so as to conform to the actual intent of the parties in that:
“(a) The mortgage and note shall not cease upon the death of Wilmer Cook; rather, Paul June Melech, Sr., shall continue making the monthly installments on the unpaid balance as follows: one-half (½) of each monthly installment to go to Wilmer Cook’s brother-in-law, Stanley Weeks, and one-half (⅛) of each installment to St. John’s Catholic Church of Magnolia Springs, Alabama, for use of its Council.
“(b) If the said mortgage and note executed on April 19, [1979], can not be located, Paul June Melech, Sr., shall execute another mortgage and note to conform to the terms and conditions of this Decree.
*177 “3. Paul June Meleeh, Sr., shall pay to Wilmer Cook the $301.12 monthly installments for the months of May, June, July, August, September, October, November, December, 1979, and January 1980, which are due and payable now in the amount of $2,710.08, and he shall continue making the monthly installments with the next installment being due February 19, 1980.
“4. That the Clerk of the Probate Office of Baldwin County, Alabama, is hereby directed to record a copy of this Decree in the current Deed Book and to endorse on the margin of Deed Book 49, Pages 14-15, wherein the Deed from Wilmer Cook to Paul June Meleeh, Sr., is recorded, that the deed has been reformed by this Decree as set forth herein.”
The trial court’s judgment in the instant case contains the following additional “Findings of Fact”:
“4. Counsel for Meleeh, in order to carry out the court’s decree, prepared a new mortgage which Meleeh signed and recorded at Real Property Book 68, Page 663. The description in the mortgage erroneously described Parcel 1, rather than Parcel 2 as directed by the court decree, and Melech’s attorney filed a Scrivener’s Affidavit at Real Property Book 68, Page 1862, correcting the description to that of Parcel 2 as required by the court decree.
“5. In 1988, further litigation arose respecting this mortgage, this time as to the proper payee under the mortgage. In Weeks v. Weeks and Melech, Case No. 88-500019, [Baldwin Circuit Court,] Meleeh, the defendant herein, admitted the existence of the mortgage on Parcel 2 and the fact of his default in his answer to the complaint:
“ ‘COMPLAINT:
“ ‘7. That a mortgage was prepared according to the settlement on the 18th day of April, 1980, and recorded in Real Property Book 68, Page 665, Baldwin County Probate records, and corrected for Scrivener’s error in Real Property Book 68, Page 1862_’
“ ‘MELECH ANSWER:
“‘1. Admitted.’
“ ‘COMPLAINT:
“ 12. On or about the 19th day of June, 1987, Defendant Meleeh once again became delinquent, the mortgage was in default, and according to its terms all sums were due thereunder.’
“ ‘MELECH ANSWER:
“‘12. Admitted.’
“6. Following the default, a mortgage foreclosure sale was conducted by Mary Murchison, as auctioneer and as attorney for the Estate of Wilmer Cook, on February 28, 1988, arising from the Meleeh mortgage recorded at Real Property Book 68, Page 663, as amended by the Scrivener’s Affidavit recorded at Real Property Book 68, Page 1862 of the Baldwin County Probate records. The mortgage foreclosure deed, describing the Parcel 2 property was dated February 22, 1988, and recorded at Real Property Book 312, Page 200 of the Baldwin County Probate Court records.
“7. The mortgage foreclosure of Parcel 2 occurred during the pendency of the Weeks v. Weeks and Melech case, Case No. CV-88-500019. In that case, Melech did not raise the validity of the mortgage or the foreclosure and, in fact, admitted both the existence of the mortgage, the default in it, and the requisite publication.
“8. Thereafter, Case No. CV-88-500019 was appealed to the Alabama Supreme Court. Melech did not participate in that appeal, and did not contest the validity of the foreclosure. In that appeal, styled Weeks v. Weeks and Most Rev. Oscar Lipscomb, Archbishop of Mobile, 557 So.2d 1216 (Ala.1989), the Supreme Court observed, in dicta, that the mortgage had been foreclosed, and held that the plaintiffs in the instant case, Stanley Weeks and the Church, were entitled to the proceeds of the foreclosure.
“9. Following the foreclosure, Willene Weeks, as Executrix of the Estate of Wilmer Cook, Deceased, conveyed Parcel 2 to Stanley Weeks and the Church. Plaintiffs have made demand upon Meleeh to vacate the property, but Meleeh has fa’1'’’ refused to do so.
*178 “10. Meleeh contends that due to the mistake in the mortgage, the foreclosure is invalid and therefore he should not be evicted from the property.”
We adopt the trial court’s following “Conclusions of Law” as the opinion of this Court:
“1. The mortgage which Meleeh contends is invalid was drawn by Melech’s attorney and given by Meleeh to effect the terms of the Court’s decree in Case No. CV-79-100109, which directed that a new mortgage be prepared with respect to Parcel 2. To this extent, the mortgage was a mere ministerial act, and was properly corrected by Scrivener’s Affidavit. There existed at the time of the foreclosure of Parcel 2 a valid mortgage on that parcel. Morris v. Earnest, 242 Ala. 356, 6 So.2d 424 (1942).
“2. Additionally, in the case of Weeks v. Weeks and Melech, Case No. 88-500019, lately pending in the Circuit Court of Baldwin County, Alabama, Meleeh admitted the existence of the mortgage on Parcel 2, and the fact that the mortgage was in default. Meleeh is estopped in this suit to contest the validity of the mortgage and foreclosure earlier admitted. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978); Chapa v. City of Mobile, 585 So.2d 80 (Ala.Civ.App.1991).
“3. The foreclosure of the mortgage on Parcel 2 was valid, the defendant unlawfully continues to remain on the property, and the plaintiffs have a right to immediate possession of the same.”
The judgment is hereby affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.